108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thermon MOORE, Plaintiff-Appellant,
v.
BEST, HEYNS AND KLAEREN, P.C.; Robert F. Best,
individually; County of Muskegon, Defendants-Appellees.
 No. 96-1672.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1997.
 
 W.D.Mich., No. 96-00062; Robert Holmes Bell, Judge.
 W.D.Mich.
 AFFIRMED.
 Before: WELLFORD, RYAN, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Thermon Moore appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983 as frivolous pursuant to 28 U.S.C. § 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Moore filed his complaint in the district court alleging, inter alia, that he was deprived of due process and equal protection in fraudulent state court proceedings. Plaintiff named the defendant private attorney in his individual capacity and sought only money damages. The district court dismissed the complaint sua sponte as frivolous.
 
 
 3
 Upon consideration, we affirm the district court's judgment because the district court did not abuse its discretion in dismissing plaintiff's complaint as frivolous. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). A complaint is frivolous within the meaning of 28 U.S.C. § 1915(d) where plaintiff has failed to present a claim with an arguable or rational basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). Here, plaintiff did not present a cognizable claim for money damages against the defendant attorney and his law firm because these defendants did not act under color of state law for purposes of § 1983. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936-39 (1982); Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978). While private actors may be liable under § 1983 if they conspire with a state actor to violate civil rights, Lugar, 457 U.S. at 941; Dennis v. Sparks, 449 U.S. 24, 27-32 (1980), plaintiff's bare allegations that the defendant attorney conspired against him with a state judge are mere conclusions which need not be accepted as true. See Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987). Further, plaintiff did not present a claim with an arguable basis against the defendant municipal entity. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691 (1978); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 889 (6th Cir.1993). Under these circumstances, the district court did not abuse its discretion in dismissing plaintiff's complaint as frivolous.
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.